John Michael **FIORITO**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15846.

United States Court of Appeals
Ninth Circuit.

Nov. 12, 1958.

Philip M. Newman, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., T. Conrad Judd, Robert John Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

PER CURIAM.

Fiorito was indicted for sale of narcotics and tried before a jury, and was found guilty as charged. He appeals from the judgment of conviction.

 First, it was claimed there was not sufficient evidence to support the conviction. An officer of the Los Angeles Police Department made a purchase of 105 grains of heroin from Fiorito, according to his testimony which was quite detailed. The officer handed Fiorito $100.00 at an arranged meeting, and appellant pointed to a telephone pole and said that the stuff was at the bottom of the pole in an M and M wrapper. Subsequently, the officer had another conversation with appellant concerning narcotics. At a later date, appellant was arrested and told the officers at that time that he had just swallowed two caps of heroin. Fiorito denied any traffic in narcotics. The evidence above outlined was substantial, and conviction could properly be based thereon.

Fiorito moved for new trial on the ground of newly discovered evidence. One affidavit of a third party states that Fiorito left his residence at 5:30 p. m. on the day in question and returned there accompanied by his mother at approximately 7:00 p. m. The affidavit of the employer of the mother set out that Fiorito generally picked up his mother at her place of work and, in fact, did so on February 19, 1957, and that the mother generally worked until 6:00 or 7:00 p. m., but no specified time is alleged. The mother testified that appellant picked her up at the place of business above mentioned somewhere between 6:00 and 7:00 p. m. on the day in question, and then drove her to their home. A consideration of the places where the narcotics are claimed to have been sold and the place of business where the mother of appellant was employed and the location of their home is such that the affidavits might all be true and still appellant could have sold the narcotics at the time and place designated by the officer. Upon this basis alone, the new trial could have been denied.

But appellant testified at the trial himself, and went into his activities on the day in question. The matter in the affidavits is not newly discovered evidence because appellant knew the whereabouts of his mother, the employer of his mother and, if any diligence at all had been used, he probably could have found the third witness. It must be held that the evidence was not newly discovered and that no diligence was used in the attempt to procure any. It was purely cumulative and certainly could not have tended to produce an acquittal.

The judgment is affirmed.